IRWIN, Respondent, vs. RICHARDSON and another, imp.,
Appellants.

*October 3 — October 23, 1894.*

*Flowage of land: Pleading: Action at common law or under mill-dam
act?*

1. The complaint in this action, stating facts sufficient to constitute a
   cause of action in tort, at common law, for the flowing of plaint-
   iff's lands by water set back upon them by defendants' dam, but
   not sufficient to constitute a cause of action under the mill-dam
   law, is *held* on demurrer to have been intended to plead the former
   cause of action, although many of the facts stated are not material
   thereto and some of them seem to evince a purpose to state a cause
   of action under the mill-dam law.

2. The use of the word "wrongful" was not necessary to a statement
   of the cause of action in tort.

APPEAL from the Circuit Court for *Rock* County.

The appeal is from an order overruling a demurrer to the
complaint. The case is sufficiently stated in the opinion.

*H. P. Richardson*, for the appellants.

For the respondent the cause was submitted on the brief
of *Nolan & Cunningham*.

NEWMAN, J. The complaint, very clearly, states facts
which constitute a cause of action in tort for the flowing
of plaintiff's premises by water set back upon them by de-
fendants' dam. It states sufficient to entitle the plaintiff
to recover her damages for such flowing by the common
law. The pleader has not contented himself with a "con-
cise" statement of the facts constituting his cause of action,
but has stated many other facts not material to his cause
of action. Some of the facts stated seem to evince a pur-
pose to state a cause of action for a recovery under the
mill-dam law, but are not sufficient for that purpose. This
complaint, as a whole, is challenged by a demurrer, on the
ground that, on its face, it does not state facts sufficient to

constitute a cause of action. Now, it manifestly does state facts sufficient to constitute a cause of action. It states a cause of action in tort, for flowing the plaintiff's lands. That could be made no clearer by the use of the word "wrongful." It is equally clear that it does not state a cause of action under the mill-dam law. No one claims that it does.

However it may be in doubtful cases, in a case like this it is fair and reasonable to hold that the pleader has intended to plead the cause of action which he has sufficiently pleaded, and to treat matters pleaded which are not relevant to that cause of action, and do not amount to the statement of another or different cause of action, as surplusage. If the party is aggrieved by it, he has a remedy by motion to strike it from the pleading as surplusage.

*By the Court.*— The order of the circuit court is affirmed.

NEWMAN, J.   The case of *O'Rourke*, Respondent, *vs. Richardson* and another, imp., Appellants, presents the same question and is ruled by the decision in *Irwin v. Richardson, ante*, p. 429.

*By the Court.*— The order of the circuit court is affirmed.

NEWMAN, J.   The case of *Walsh*, Respondent, *vs. Richardson* and another, imp., Appellants, presents the same question and is ruled by the decision in *Irwin vs. Richardson, ante*, p. 429.

*By the Court.*— The order of the circuit court is affirmed.